UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARION JOHNSON,

                                        Plaintiff,

   -against-

CHRISTOPHER SCHILLING; "JOHN and JANE DOE 1-10", individually and in their official capacities (the names John Doe being fictitious, as the true names are presently unknown),

                                        Defendants.
------------------------------------------------------------------------X

***COMPLAINT AND JURY DEMAND***

Docket No.

1:15-cv-1838

ECF CASE

      Plaintiff Marion Johnson, by his attorney Joseph Indusi, of London Indusi, LLP, for his complaint against Defendants alleges as follows:

## PRELIMARY STATEMENT

    1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments of the United States Constitution.

    2. The claim arises from a September 27, 2014 incident in which Defendants, acting under color of state law, stopped Mr. Johnson, threw him to the ground, and punched and kicked him in the head, back, and stomach. The Defendants forwarded false information to have Mr. Johnson prosecuted for a crime even though he did nothing wrong. Mr. Johnson initially spent approximately 90 hours unlawfully in police custody, including time at the hospital. After multiple court appearances, the case against Mr. Johnson was dismissed and sealed on March 27, 2015.

    3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems

1

just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Marion Johnson ("Mr. Johnson") resided at all times here relevant in Kings County, City and State of New York.

8. Detective Christopher Schilling, Shield No. 6516 ("Schilling") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Schilling was, at the time relevant herein, a Detective under Shield # 6516 of the 90th Precinct. Defendant Schilling is sued in his individual and official capacity.

9. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John Doe 1 through 10.

10. At all times relevant herein, Defendants John Doe 1 through 10 were acting as agents,

servants and employees of the City of New York and the NYPD. Defendants John Doe 1 through 10 are sued in their individual and official capacities.

11. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

12. On September 27, 2014 at approximately 12:30 p.m., Mr. Johnson was walking home in Brooklyn, New York.

13. While on Flushing Avenue, Mr. Johnson was approached by unidentified Defendants.

14. The Defendants, including Defendant Schilling, unlawfully stopped, searched and handcuffed Mr. Johnson in an excessively tight manner causing marks to plaintiff's wrist.

15. The Defendants then roughly threw Mr. Johnson to the ground.

16. After being thrown on the ground, Defendants pushed Mr. Johnson's face into the concrete floor.

17. As a result of Mr. Johnson's face being slammed into the floor, Mr. Johnson sustained physical injury to his face and cheek.

18. Defendants, including Defendant Shilling then punched Mr. Johnson in the stomach, and kicked Mr. Johnson in the back multiple times.

19. Mr. Johnson was not resisting arrest.

20. Defendants then searched Mr. Johnson's person without permission or authority.

21. No drugs or contraband were found on Mr. Johnson.

22. Defendants then dragged Mr. Johnson on the ground and put him in an NYPD van.

23. While in the NYPD van, Mr. Johnson complained the handcuffs were too tight.

24. Defendants then pulled over the van, took Mr. Johnson out of the vehicle, and proceeded to make the handcuffs even tighter.

25. These actions caused marks to Mr. Johnson's wrists.

26. Defendants then transported Mr. Johnson to the 90th Precinct.

27. Mr. Johnson requested that Defendants, including Defendant Schilling, provide medical aid for bruising to his cheek, pain in his stomach, and marks on his wrists.

28. Mr. Johnson was denied the medical aid he requested for his open and obvious injuries.

29. While at the precinct, Defendants, including Defendant Schilling, unlawfully strip searched Mr. Johnson.

30. Specifically, an unidentified Defendant put his fingers in Mr. Johnson's anus.

31. No contraband or drugs were found on Mr. Johnson during the strip search.

32. Defendants then transported Mr. Johnson to central bookings to await arraignment.

33. Defendants conveyed false information to prosecutors in order to have Mr. Johnson prosecuted for Criminal Possession of a Controlled Substance in the Third Degree and other related charges.

34. Defendants prepared false sworn affidavits and false police reports relating to Mr. Johnson's arrest.

35. When Mr. Johnson was in central bookings, Mr. Johnson again asked for medical treatment for his injuries.

36. Mr. Johnson was vomiting and urinating blood at this point.

37. Upon information and belief, the Department of Corrections found Mr. Johnson unfit to be arraigned because of his injuries, and called for an ambulance.

38. FDNY EMTs transported Mr. Johnson to the Brooklyn Hospital Center.

39. Mr. Johnson spent approximately 70 hours in the Brooklyn Hospital Center because of his injuries.

40. After almost full 3 days in the hospital, Mr. Johnson was transferred back to central bookings to await arraignments.

41. At discharge, Mr. Johnson was diagnosed with "acute kidney injury due to trauma."

42. At arraignments, the Judge released Mr. Johnson on his recognizance.

43. After multiple court appearances, on March 27, 2015 all charges against Mr. Johnson were dismissed and sealed.

44. Upon information and belief, at all times relevant hereto, Defendants failed to intervene in the actions of his fellow officers when he observed them use excessive force on Mr. Johnson.

45. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Johnson and violate his civil rights.

46. As a direct and proximate result of the acts of Defendants, Mr. Johnson t suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and loss of liberty.

**FIRST CAUSE OF ACTION**
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

47. The above paragraphs are here incorporated by reference as though fully set forth.

48. By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

49. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

50. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

51. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

52. The above paragraphs are here incorporated by reference as though fully set forth.

53. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Johnson sold drugs.

54. The individual Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

55. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

56. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

57. The above paragraphs are here incorporated by reference as though fully set forth.

58. The individual Defendants used excessive, unreasonable and unnecessary force with Plaintiff.

59. The Defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the Plaintiff without consent.

60. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Deliberate Indifference to Medical Needs Under
42 U.S.C. § 1983 Against Individual Defendants

61. The above paragraphs are here incorporated by reference as though fully set forth.

62. At the time of Plaintiff's arrest on September 27, 2014, the individual Defendants were aware of a risk to Plaintiff's safety and a need for medical care and failed to act in deliberate indifference to Plaintiff's needs.

63. Accordingly, Defendants violated the Fourteenth Amendment because they acted with deliberate indifference to Plaintiff's medical needs and safety.

64. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Illegal Strip Search Under
42 U.S.C. § 1983 Against Individual Defendants

65. The above paragraphs are here incorporated by reference as though fully set forth.

66. The Defendants violated the Fourth and Fourteenth Amendments because they

unlawfully subjected Plaintiff to a strip search without legal justification.

67. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SIXTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

68. The above paragraphs are here incorporated by reference as though fully set forth.

69. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

70. Accordingly, the Defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

71. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

- a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;
- b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;
- c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;
- d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and
- e) Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: April 4, 2015
      Brooklyn New York

Respectfully submitted,

    /s/ Joseph Indusi, Esq.
*Joseph Indusi, Esq.*
Bar Number: JI6499
Attorney for Mr. Wright
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Joe@LondonIndusi.com